IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

BERNICE J.,

       Plaintiff,

   v.                                     Civil Action No.
                                              6:17-CV-1110 (DEP)

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

       Defendant.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

LEGAL AID SOCIEITY OF         ELIZABETH V. KRUPAR, ESQ.
MID-NEW YORK, INC.
221 South Warren Street
Suite 310
Syracuse, NY 13202

FOR DEFENDANT:

HON. GRANT C. JAQUITH        CATHARINE ZURBRUGG, ESQ.,
United States Attorney           Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Acting Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on August 28, 2018, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2) The Acting Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   August 29, 2018
         Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------x
BERNICE J.,


                           Plaintiff,

vs.                         6:17-CV-1110

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                           Defendant.
---------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on August 28, 2018, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | LEGAL AID SOCIETY OF MID-NEW YORK, INC.<br>Attorneys at Law<br>221 South Warren Street, Suite 310<br>Syracuse, New York  13202<br>  BY:  ELIZABETH V. KRUPAR, ESQ. |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional Counsel<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, New York  10278<br>  BY:  CATHARINE L. ZURBRUGG, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

10

                         (In Chambers, Counsel present by telephone.)

                         THE COURT: All right. Thank you both for
excellent presentations.

                         I have before me an application for judicial review
of an adverse determination by the Acting Commissioner
pursuant to 42 United States Code Section 405(g).

                         The background is as follows: Plaintiff was born
in December of 1971, she's currently 46 years old, was 42
years old at the alleged onset of her disability. She stands
5 foot 2 inches in height and weighs 125 pounds. She is
right-hand dominant. Plaintiff is married but lives alone.
She has three adult children, one son and two daughters. She
has a driver's license and drives. Plaintiff has an 11th
grade education but did secure a GED.

                         In terms of work, plaintiff was employed from 1999
to 2008 as a resident counselor working with disabled
persons. From 2008 until December 2013, she was a customer
service relation person with Bank of America doing primarily
phone work. She went out of that position on long-term
disability.

                         Medically, plaintiff has been diagnosed as
suffering from multiple sclerosis. The diagnosis occurred in
or around 2003. She reports that it causes her to experience
numbness, vision loss, fatigue, pain and weakness, as well as
headaches. She has treated with Dr. Lev Goldiner, a

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547

 1  neurologist, since 2011.  She has experienced MRIs of the
 2  brain in January of 2014, July 2014, and September 2014, that
 3  are mixed in terms of demonstrating progression of the
 4  disease.  She also has a history of breast cancer.
 5              Plaintiff also suffers from mental conditions,
 6  depression and anxiety primarily.  She has treated with
 7  Dr. Nalia Sinha, a licensed clinical social worker, Cynthia
 8  Chapple, who she sees weekly, a social worker Annette
 9  Edwards.
10              The plaintiff has been over the years prescribed
11  several medications for her physical and mental conditions
12  including Xanax, Ativan, Aubagio which is for her MS,
13  gabapentin, Cymbalta, and Ativan.
14              According to 265, 269, 1013, and 1016, plaintiff
15  has a fairly robust set of daily activities.  She goes to
16  yoga, she cooks, she watches television, plays cards, walks,
17  she reads, she dresses, she can bathe, she does laundry, she
18  visits her grandmother, she shops, she goes to church, and
19  she cares for her pet, although the daughters assist her with
20  some of her activities.
21              Procedurally, plaintiff applied for Title II
22  Disability Insurance benefits on January 17, 2014, alleging
23  an onset date of December 27, 2013.  A hearing was conducted
24  by Administrative Law Judge Bruce Fein on September 15, 2015.
25  A supplemental hearing was conducted with a vocational expert

1  on May 31, 2016.  Judge Fein issued a decision on June 10,
2  2016 which was unfavorable to the plaintiff.  That became a
3  final determination of the agency on August 18, 2017, when
4  the Social Security Administration Appeals Council denied
5  plaintiff's application for review.
6          In his decision, ALJ Fein applied the familiar
7  five-step sequential test for determining disability.
8          At step 1, ALJ Fein concluded plaintiff had not
9  engaged in substantial gainful activity since her alleged
10 onset date.
11         At step 2, ALJ Fein concluded that plaintiff
12 suffers from severe impairments including multiple sclerosis,
13 depressive disorder, and an anxiety disorder.
14         At step 3, plaintiff was found not to meet or
15 medically equal the -- any of the listed presumptively
16 disabling conditions set forth in the Commissioner's
17 regulations.  Specifically ALJ Fein examined the Listings
18 11.09, 12.04, and 12.06.  With regard to the latter two, it
19 was concluded that plaintiff could not meet the B criteria,
20 examining such matters as daily living, social functioning,
21 concentration, persistence and pace and episodes of
22 decompensation, and similarly, the C criteria were not met.
23         ALJ Fein then concluded after surveying the record
24 that plaintiff is capable of performing at basically a
25 sedentary level with exceptions, specifically found that the

1  claimant has a residual functional capacity to lift and carry
2  10 pounds, sit six hours in an eight-hour workday, stand and
3  walk four hours in an eight-hour workday.  In addition, the
4  claimant is able to alternate between sitting and standing
5  positions at one-hour intervals throughout the day, the
6  claimant is unable to climb ladders, ropes, or scaffolds but
7  can perform all other postural activities occasionally.  She
8  is limited to simple, routine, repetitive tasks.  Finally,
9  she requires a low-stress job defined as only occasional
10 decision making, changes in work setting and judgment
11 required.
12         At step 4, the administrative law judge concluded
13 that plaintiff is not capable of performing her past relevant
14 work, because of primarily the nonexertional demands, both
15 were in the semi-skilled/skilled category, resident
16 supervisor having an SVP of 6 and the CSR position, an SVP of
17 5.
18         With the assistance of a vocational expert, ALJ
19 Fein concluded that plaintiff is capable of performing as a
20 document preparer, an addresser, and order clerk and
21 therefore is not disabled at the relevant times.
22         As you know, my task is limited to determining
23 whether the ALJ's findings are supported by substantial
24 evidence and correct legal principles were applied.  It is a
25 highly deferential standard.

1    The first issue raised by the plaintiff is a due
2 process violation based on the inability to respond to
3 interrogatory responses by Dr. Didio, his assessments from
4 November 6, 2015, set forth in Exhibits 49F through 51F.  I
5 note that at the first hearing the administrative law judge
6 on September 15, 2015 did advise the plaintiff who was
7 represented by counsel that he might seek expert assistance,
8 that's at page 105 of the record.  On December 28, 2015,
9 there was a notice of hearing, that's at page 182 to 184 of
10 the record, and that notice of continued hearing advised at
11 page 183, you have a right to review the claim file.  There
12 was another notice of hearing at March 27, 2015, that's at
13 301, that indicated the file was available for review
14 although that was prior to the first hearing.  I note that
15 the Acting Commissioner actually in that regard made a
16 mistake in saying that, at page 5 of the brief that that was
17 two months before the supplemental hearing, it was actually a
18 year before the supplemental hearing.  But plaintiff was
19 represented by Ms. Blackshear, an attorney, there was no
20 request for an opportunity to cross-examine or submit
21 supplemental interrogatories to Dr. Didio, and the ALJ
22 specifically at page 33 and again at 44 gave plaintiff an
23 opportunity to bring anything else up that was desired.
24    It appears from pages 44 to 47 that plaintiff's
25 counsel was aware of the medical opinions, so I think that

15

1       this case is more akin to the Second Circuit's decision in
2       *Diaz v. Shalala*, 59 F.3d 307, where it was essentially the
3       court's opinion that the plaintiff knew or should have known
4       that the -- that there was additional evidence, in that case
5       it was a Workers' Compensation document.
6                   And I think this case is readily distinguishable
7       from plaintiff's cited case *Young v. Berryhill* found at 2018
8       WL 661414.  That was a pro se plaintiff and it was clear that
9       the pro se plaintiff never received the interrogatories at
10      issue because they were sent to the wrong address, and in
11      that case the court said under those circumstances there was
12      a due process violation.  So I don't find any due process
13      violation.
14                  There's no question that, as a treating source,
15      Dr. Goldiner is entitled to deference and his opinions are
16      controlling, if they are not inconsistent with other
17      substantial evidence.  And certainly there are factors that
18      the regulations require the administrative law judge to
19      consider when discounting or rejecting a treating source
20      opinion, although the Second Circuit has said that those
21      factors don't need to be rotely addressed as long as it is
22      clear that they were considered.
23                  I agree with plaintiff -- with defendant's counsel
24      that Dr. Goldiner's opinions, especially from September 24,
25      2014, are not horribly inconsistent with the ALJ's RFC.  They

1  are not at all inconsistent in terms of lift and carry,
2  although I suppose you could argue they are because up to
3  10 pounds occasionally versus 10 pounds without restriction,
4  sit four hours in an eight-hour workday as opposed to six,
5  stand two hours and walk two hours as opposed to four, but
6  the ALJ was very specific in why Dr. Goldiner's opinions were
7  being rejected.  Dr. Goldiner found, for example, at
8  1020-1021 that plaintiff had a marked limitation in
9  activities of daily living when plaintiff in fact at 1547
10 advised that she was independent in activities of daily
11 living.
12         The administrative law judge at pages 20 and 21
13 gave a detailed account of why he did not give controlling
14 weight to Dr. Goldiner's opinions.  The key was that the
15 opinion was inconsistent with plaintiff's prior work while
16 she was -- while she was suffering from MS, and there was no
17 significant -- no evidence of significant worsening since she
18 left work.  It was also based on plaintiff's reluctance to
19 take medications.
20         The ALJ properly relied on the consultative
21 examination of Dr. Perkins-Mwantuali, 5F, and the exam was
22 pretty much unremarkable.  It discerned very minimal loss of
23 strength.
24         In terms of mental, the opinions of Dr. Sinha and
25 Licensed Clinical Social Worker Chapple were properly

1  rejected and the rejection was explained at page 21 as being
2  inconsistent with treatment notes and not supported by GAF.
3  GAF scores included 51 at 1008 and 65 at 1099.
4        The plaintiff -- the ALJ also properly relied on
5  Dr. Fisher's consultative examination at 4F that supported
6  the mental aspects of the RFC, again, based on an
7  unremarkable examination, and finally, relied on the opinions
8  of Dr. Didio at 49 through 51F.
9        Annette Edwards' opinions were properly rejected,
10 she was not an acceptable medical source and doesn't cite any
11 clinical support, and it is totally inconsistent with
12 plaintiff's history of daily activities and living alone.
13       It was -- in the end, it's the ALJ's duty to weigh
14 conflicting medical evidence, and as long as the result is
15 supported by substantial evidence, the court must defer to
16 the ALJ's weighing.  In the end, I find that the treating
17 source was properly discounted and explained, and that the
18 ALJ's RFC is supported by substantial evidence.
19       In terms of evaluating the plaintiff's symptoms,
20 the ALJ properly engaged in the required two-step analysis at
21 pages 18 through 21, and discusses how he arrived at his
22 determination that plaintiff's reported symptoms were not
23 fully credible, and I find that even though, again, he did
24 not rotely recite the factors that are supposed to be
25 considered under the Social Security Ruling that governs,

1  nonetheless I am able to glean his rationale and find that
2  his credibility determination is supported by substantial
3  evidence.
4         So in sum, I find that proper legal principles were
5  applied and the ALJ's decision is supported by substantial
6  evidence.  I will therefore grant judgment on the pleadings
7  to the defendant and dismiss plaintiff's complaint.  Thank
8  you both again, enjoy the rest of your summer.
9         MS. KRUPAR:  Thank you, your Honor.
10         MS. ZURBRUGG:  Thank you, your Honor.
11              (Proceedings Adjourned, 10:29 a.m.)

1  CERTIFICATE OF OFFICIAL REPORTER

4       I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5  Official Realtime Court Reporter, in and for the
6  United States District Court for the Northern
7  District of New York, DO HEREBY CERTIFY that
8  pursuant to Section 753, Title 28, United States
9  Code, that the foregoing is a true and correct
10 transcript of the stenographically reported
11 proceedings held in the above-entitled matter and
12 that the transcript page format is in conformance
13 with the regulations of the Judicial Conference of
14 the United States.

16                 Dated this 28th day of August, 2018.

19                 /S/ JODI L. HIBBARD
20                 JODI L. HIBBARD, RPR, CRR, CSR
                   Official U.S. Court Reporter